**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| VIRTAMOVE, CORP., <br><br> *Plaintiff*, <br><br> v. <br><br> ORACLE CORP., <br><br> *Defendant*. | Civil Action No. 1:25-cv-01601-ADA <br><br> **JURY TRIAL DEMANDED** |
| VIRTAMOVE, CORP., <br><br> *Plaintiff*, <br><br> v. <br><br> ORACLE CORP., <br><br> *Defendant*. | Civil Action No. 1:25-cv-01651-ADA <br><br> **JURY TRIAL DEMANDED** |

**VIRTAMOVE'S OPPOSITION TO MOTION TO CONSOLIDATE AND STAY**

**TABLE OF CONTENTS**

I. INTRODUCTION ...........................................................................................................1
II. LEGAL STANDARD FOR CONSOLIDATION .........................................................1
III. ARGUMENT AGAINST CONSOLIDATION.............................................................2
    A. Different Facts: Different Patents, Different Claims ..............................................2
    B. Factor 3: Consolidation Causes Unfair Prejudice and Jury Confusion....................4
    C. Factor 4: No risk of inconsistent verdicts ................................................................6
    D. Factor 5: No Time or Cost Reductions ....................................................................6
    E. Factor 6: The Cases Are at Different Procedural Stages .........................................7
    F. Conclusion: Factors Weigh Against Consolidation .................................................7
IV. A DIFFERENT LEGAL STANDARD FOR STAYS...................................................7
V. ARGUMENT AGAINST A STAY .................................................................................8
    A. No Possible Hardship to the "world's richest person"............................................8
    B. Undue Prejudice and Hardship to VirtaMove..........................................................8
    C. No Simplification of the Issues (No Judicial Resources Saved)..............................9
    D. Stage of the First Case Weighs Against a Stay........................................................9
    E. Conclusion: Factors Weigh Against a Stay ............................................................10
VI. CONCLUSION..............................................................................................................10

## **TABLE OF AUTHORITIES**

**Cases**

*Arnold & Co., LLC v. David K. Young Consulting, LLC*,
   No. SA:13-CV-00146-DAE, 2013 WL 1411773 (W.D. Tex. Apr. 8, 2013)...................... 1

*Clinton v. Jones*,
   520 U.S. 681 (1997).................................................................................................... 7

*Dupont v. Southern Pac. Co.*,
   366 F.2d 193 (5th Cir. 1966) ...................................................................................... 1

*Gentry v. Smith*,
   487 F.2d 571 (5th Cir. 1973) ...................................................................................... 1

*In re Davis*,
   730 F.2d 176 (5th Cir. 1984) ...................................................................................... 8

*Katana Silicon Tech. LLC v. GlobalFoundaries, Inc.*,
   No. 1:22-cv-00852-ADA, Dkt. 318 (July 18, 2025)............................................................ 6

*Landis v. N. Am Co.*,
   299 U.S. 248 (1936).................................................................................................... 8

*Leviton Mfg. CO., Inc. v. Nicor, Inc.*,
   04-cv-0424, 2007 WL 505784 (D. NM Jan. 8, 2007)...................................................... 2, 7

*Neodron Ltd. v. Dell Techs. Inc.*,
   No. 1-19-CV-00819-ADA, 2019 WL 9633629 (W.D. Tex. 2019) .................................. 8

*Prytime Medical Devices, Inc. v. Front Line Medical Tech., Inc.*,
   No. 6:24-cv-0001, Dkt. 37 (July 16, 2024)........................................................................ 8

*RTIC Drinkware, LLC v. YETI Coolers, LLC*,
   No. 1:16-CV-907-RP, 2017 WL 5244173 (W.D. Tex. Jan. 18, 2017) ........................... 6, 9

*Sonrai Memory Ltd. v. LG Elecs. Inc.*,
   No. 6:21-CV-00168-ADA, 2022 WL 2307475 (W.D. Tex. June 27, 2022) .................. 8, 9

*Sonrai Memory Ltd. v. W. Digital Techs., Inc.*,
   No. 6:21-CV-01168-ADA, 2022 WL 3108818 (W.D. Tex. Aug. 4, 2022)....................... 10

*St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*,
   712 F.2d 978 (5th Cir. 1983) ...................................................................................... 1

*Tinnus Enters., LLC v. Telebrands Corp.*,
   No. 16-cv-33, 2017 WL 2989201 (E.D. Tex. Apr. 5, 2017).............................................. 8

*Uniloc 2017 LLC v. Samsung Elecs. Am., Inc.*,
   No. 2:19-CV-00259-JRG-RSP, 2020 WL 1433960 (E.D. Tex. Mar. 24, 2020) ................ 7

*VirtaMove Corp. v. Amazon.com Inc.*,
   No. 7:24-cv-00030-ADA-DTG, Dkt. 73-9 (W.D. Tex. Sept. 27, 2024)............................. 9

**I.     INTRODUCTION**

Consolidation is not the norm in the Western District of Texas, and it would unfairly prejudice VirtaMove Corp., confuse the jury, and delay adjudication of the earliest-filed case. Oracle's consolidation motion is a disguised attempt to force VirtaMove to relinquish its constitutionally protected patents rights—not by merit, but through case narrowing limits, limited discovery, and squeezed trial time.

This is not about VirtaMove having "two bites" at the same apple in two trials. VirtaMove is asserting different patents in each case. VirtaMove will have only one bite at different patents/apples in different trials.

Oracle's motion should be denied. And even if the Court found reason to consolidate the cases, it should expedite the later-filed case, not stay the earlier-filed case.

**II.    LEGAL STANDARD FOR CONSOLIDATION**

Under Rule 42(a), consolidation is discretionary and appropriate only when actions share common questions of law or fact and consolidation will "avoid unnecessary cost or delay." *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983); *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973). Consolidation must not prejudice a party or cause jury confusion. *Dupont v. Southern Pac. Co.*, 366 F.2d 193, 196-97 (5th Cir. 1966).

In weighing whether to consolidate actions, courts generally consider factors such as (1) whether the actions are pending before the same court; (2) whether the actions involve a common party; (3) any risk of prejudice or confusion from consolidation; (4) the risk of inconsistent adjudications of common factual or legal questions if the matters are tried separately; (5) whether consolidation will reduce the time and cost of trying the cases separately; and (6) whether the cases are at the same stage of preparation for trial. *See, e.g., Arnold & Co., LLC v. David K. Young Consulting*, LLC, No. SA:13-CV-00146-DAE, 2013 WL 1411773, at *2 (W.D. Tex. Apr. 8, 2013).

1

The party moving for consolidation bears the burden that consolidation is desirable. *Leviton Mfg. CO., Inc. v. Nicor, Inc.*, 04-cv-0424, 2007 WL 505784, at *3 (D. NM Jan. 8, 2007).

**III.     ARGUMENT AGAINST CONSOLIDATION**

Consolidation at this early stage would cause significant prejudice to VirtaMove, create jury confusion, and complicate claim construction, expert discovery, and trial presentation. The limited overlaps Oracle identifies do not justify merging these separate disputes into one trial.

**A.     Different Facts: Different Patents, Different Claims**

The "First Case" 7:24-cv-00339, was filed in December 2024 and asserted patent 7,519,814 (app. no. 10/939,903). First Case, Dkt. 1 Ex. 1, at cover. The "Second Case," 7:25-cv-00368, was filed ***eight months later*** in August 2025 and asserts patent 7,774,762. Second Case, Dkt. 1, Ex. 1, at cover. Patent 7,774,762 is a continuation-in-part of patents 7,519,814, meaning that *only part* of their specifications are the same, and parts of the specifications are **not** the same. *Id.*; First Case, Dkt. 1 Ex. 1, at cover; *see* MPEP § 201.08 (a "continuation-in-part" application is "adding matter not disclosed in the prior-filed application"). This can be incredibly confusing to a jury.

The patents have different claims. A cursory review shows substantial differences:

| Pat. 7,519,814, asserted independent claim 1 | Pat. 7,774,762, asserted independent claim 17 |
| --- | --- |
| 1. In a system having a plurality of servers with operating systems that differ, operating in disparate computing environments, wherein each server includes a processor and an operating system including a kernel a set of associated local system files compatible with the processor, a method of providing at least some of the servers in the system with secure, executable, applications related to a service, wherein the applications are executed in a secure environment, wherein the applications each include an object executable by at least some of the different operating systems for | 17. In a system having a first software application, which is designed for execution on a first computer platform, a method of executing said first software application on an incompatible computer platform in which the first software application is not intended to execute, said first software application including an object executable by a local operating system of the incompatible computer platform for performing a task related to a service, the incompatible computer platform including a processor, an operating system including a local kernel residing on the incompatible computer |

2

| | |
|---|---|
| performing a task related to the service, the method comprising: storing in memory accessible to at least some of the servers a plurality of secure containers of application software, each container comprising one or more of the executable applications and a set of associated system files required to execute the one or more applications, for use with a local kernel residing permanently on one of the servers; wherein the set of associated system files are compatible with a local kernel of at least some of the plurality of different operating systems, the containers of application software excluding a kernel, wherein some or all of the associated system files within a container stored in memory are utilized in place of the associated local system files that remain resident on the server, wherein said associated system files utilized in place of the associated local system files are copies or modified copies of the associated local system files that remain resident on the server, and wherein the application software cannot be shared between the plurality of secure containers of application software, and wherein each of the containers has a unique root file system that is different from an operating system's root file system. | platform, and a set of associated local system files compatible with the local kernel and the processor of the incompatible computer platform, the method comprising: a) providing a computer readable set of first files, comprising a first group of files that include the first software application, designed to execute on the first computer platform and a second group of files that are distributed with or are specific to an operating system required to execute the first software application; b) in the execution of the first software application on the incompatible computer platform using said second group of files in place of the associated local system files normally used to perform a same task, which are resident on the incompatible computer platform as part of the operating system, and, c) executing on the second incompatible computer platform runtime software for managing a dynamic state and file location of the first software application, the runtime software including a kernel module resident in kernel mode and at least one application filter library resident in user mode and filtering one or more system service requests made by the first software application and providing values from the at least one application filter library which is provided in addition to the local operating system libraries to modify values that otherwise would have been returned by the local operating system in the absence of said filtering one or more system service requests from the first software application, and executing the first software application by accessing files from first set of files in place of operating system files and wherein predetermined values are provided instead of values related to an identity of the incompatible computer platform. |

Oracle's premise that these are "substantially similar" claims is wrong. Motion at 2.

3

**B.     Factor 3: Consolidation Causes Unfair Prejudice and Jury Confusion**

Consolidating these cases will cause significant unfair prejudice to VirtaMove by likely 1) making VirtaMove drop patent claims due to trial limits and not through merit, 2) compressing discovery limits, 3) compressing trial time, 4) confusing the jury, and 5) delaying the trial on patent 7,519,814 and VirtaMove's recovery for infringement thereof.

Oracle's consolidation would force VirtaMove to relinquish its constitutionally protected patent rights through rule proscribed case-narrowing limits, not by merit. VirtaMove has asserted claims 1, 2, 6, 9, 10, and 13 in the First Case—just enough claims to reasonably try within the Court's 10-hour default trial limit. A comparable number of claims of patent 7,774,762 will likely be asserted in the Second Case.[1] Consolidating the Second Case will likely mean that the default 10-hour trial limit will force VirtaMove to drop some of its claims from each patent trial. Oracle is trying to make VirtaMove forego its constitutional right to a jury trial of its claims on different aspects of its inventions in different patents through procedure—not through merit.

Moreover, consolidating different cases together would compress VirtaMove's ability to take fulsome discovery, and consolidation might inundate a jury at trial with unrelated claim terms, technical domains, and expert analyses. *See* OGP § III (setting discovery limits). Indeed, each patent would require distinct proof of Oracle's infringement, benefits, and extent of use. Different discovery is needed into Oracle's infringement and contentions regarding the different claims of the different patents.

Consolidation will make trial unnecessarily harder on VirtaMove. Multiple expert reports will be required to analyze those issues, formulate damages models apportioned to each patented invention, and address the validity of each patent's claims. Because patent 7,774,762 is a

---

[1] Infringement contentions are not yet due in the Second Case.

continuation-in-part of patent 7,519,814 with different issue dates and different priority dates, the experts at trial will likely need to spend time covering the different dates of invention for prior art purposes[2] and potentially different dates of the hypothetical negotiation for damages purposes. *See* 35 U.S.C. §§ 102–103, 120 (some prior art is based on filing date, but continuation-in-part applications may claim a priority benefit or meet exceptions). All of this will unfairly eat into VirtaMove's limited time at trial—something that VirtaMove sought to avoid by filing two cases.

For these same reasons, there is substantial risk of confusing the jury if the cases are consolidated. If consolidated, VirtaMove will have to explain two different versions of its *very technical* invention to the jury, on different patents with different priority dates.[3] The jury may easily confuse which version was invented on which date. The jury might mistakenly believe that prior art to one patent in the family necessarily affects the other. *See* Motion at 6. None of these unnecessary risks will be at issue with two different trials.

Finally, as Oracle acknowledges, Oracle's consolidation proposal necessitates a stay—which means that VirtaMove's recovery for Oracle's patent infringement will be delayed. VirtaMove is a real company with a real software product, and it gets bullied by the dominant industry giant Oracle every day. VirtaMove timely filed its case for recovery against Oracle's infringement of patent 7,519,814. Just because VirtaMove (as a smaller company) needed to stagger its resources for a later trial for patent 7,774,762, it does not mean that VirtaMove's recovery against Oracle's infringement of patent 7,519,814 should be delayed.

---

[2] Oracle's Motion mentions Solaris Zones prior art from 2002. Motion at 3. Solaris Zones from late 2002 will not qualify as pre-AIA 102(b) prior art to patent 7,519,814 because Solaris Zones will not precede the September 15, 2003 priority date by more than 1 year. But late 2002 Solaris Zones may be pre-AIA 102(b) art to patent 7,774,762.

[3] Oracle apparently intends to argue that what is prior art to one patent must also be prior art to the other due to thematic similarities. *See* Motion at 6. VirtaMove will need to burn a motion-in-limine on this if the cases are consolidated.

### C.  Factor 4: No risk of inconsistent verdicts

There is no risk of inconsistent verdicts here. This Court found that having common themes, similar facts, or similar evidence did not mean that juries in different cases must reach identical conclusions. *RTIC Drinkware, LLC v. YETI Coolers, LLC*, No. 1:16-CV-907-RP, 2017 WL 5244173, at *2 (W.D. Tex. Jan. 18, 2017).

Here, the cases involve different claims from different patents that issued at different times with different priority dates. Due to these differences, it may very well be that Oracle infringes one patent but not the other, that one of VirtaMove's patents results in more damages than the other, or that prior art invalidates one set of claims but not the other. But none of these create any risk of *inconsistent verdicts* if different trials feature different patent with claims of different scope.

Oracle's argument that juries may reach inconsistent decisions about "overlapping claim elements" is baseless. Motion at 6. At trial, juries will be asked for their verdict on entire claims—there will be no jury question on sub-**elements** of claims on verdict forms. *See, e.g.*, *Katana Silicon Tech. LLC v. GlobalFoundaries, Inc.*, No. 1:22-cv-00852-ADA, Dkt. 318 at 4–5 (July 18, 2025) (verdict form).

### D.  Factor 5: No Time or Cost Reductions

Because the cases involve different patents with different claims, there will be no time or cost reduction. In fact, Oracle's plan to stay the first case means that overall, trial will not be expedited. It is telling that Oracle has not proposed expediting the Second Case by immediately opening fact discovery to catch up to the First Case—which would have *actually* reduced the overall time to trial. Rather, Oracle proposed staying the First Case to delay it.

Consolidation will not result in cost or time reductions (except, perhaps by unfairly forcing VirtaMove to drop its otherwise meritorious claims due to time limits). As in *RTIC Drinkware*,

6

"every claim asserted will have to be separately adjudicated for each product at issue," regardless of whether the cases are consolidated. *RTIC*, 2017 WL 5244173, at *3. Likewise, the question of validity will have to be separately adjudicated for each asserted claim of the different patents. *See Leviton*, 2007 WL 505784, at *4 (denying motion to consolidate where cases involved different patents, requiring separate claim constructions, separate proofs of infringement, and "separate and distinct determinations of validity are required").

### E.    Factor 6: The Cases Are at Different Procedural Stages

The First Case was filed about 8 months ahead of the Second Case. The First Case is past *Markman* and into fact discovery. The Second Case is pre-Answer, pre-*Markman*, and a scheduling order has not yet been entered. They are at very different stages—weighing against consolidation.

### F.    Conclusion: Factors Weigh Against Consolidation

Except for identity of the parties and identity of the court (which are basic prerequisites), all of the substantive factors weigh against consolidation. Oracle's motion should be denied.

## IV.    A DIFFERENT LEGAL STANDARD FOR STAYS

District Courts have the inherent power to control their own dockets, including the broad discretion to stay proceedings before them. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). As a result of this broad discretion, courts have formulated how to exercise this discretion in different ways.

The standard for a stay is a "demanding one" because it is an "intrusion into the ordinary process of administration and judicial review." *Uniloc 2017 LLC v. Samsung Elecs. Am., Inc.*, No. 2:19-CV-00259-JRG-RSP, 2020 WL 1433960, at *3 (E.D. Tex. Mar. 24, 2020). The proponent has the burden to "make out a clear case of hardship or inequity in being required to go forward if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Neodron*

*Ltd. v. Dell Techs. Inc.*, No. 1-19-CV-00819-ADA, 2019 WL 9633629, at *1 (W.D. Tex. 2019); *In re Davis*, 730 F.2d 176, 178 (5th Cir. 1984) (quoting *Landis v. N. Am Co.*, 299 U.S. 248, 255 (1936)).

More recently, this court considered these three factors when determining whether to grant a stay: (1) whether the stay would unduly prejudice the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Prytime Medical Devices, Inc. v. Front Line Medical Tech., Inc.*, No. 6:24-cv-0001, Dkt. 37 at 3–4 (July 16, 2024) (Gilliland, Magistrate J., citing *Tinnus Enters., LLC v. Telebrands Corp.*, No. 16-cv-33, 2017 WL 2989201, at *2 (E.D. Tex. Apr. 5, 2017))

## V.     ARGUMENT AGAINST A STAY

### A.     No Possible Hardship to the "world's richest person"

Oracle did not even try to argue any hardship—much less a "clear case" of hardship. Oracle's market cap hit $922 billion last month, making Oracle's founder Larry Ellison the richest person in the world. *Larry Ellison: Oracle co-founder who overtook Musk as the world's richest person,* The Guardian (Sept. 11, 2025), https://www.theguardian.com/us-news/2025/sep/11/who-is-larry-ellison-richest-person-oracle; *Oracle stock gains 36% to post best day since 1992, adding $244 billion in value*, CNBC (Sept. 10, 2025) https://www.cnbc.com/2025/09/10/oracle-stock-cloud-backlog-ai.html ("Oracle gained $244 billion in market cap and is now at $922 billion").

### B.     Undue Prejudice and Hardship to VirtaMove

For the reasons discussed in Section III(B) above, VirtaMove will suffer unfair prejudice from a stay.

VirtaMove has an inherent interest in the timely enforcement of its patent rights. *Sonrai Memory Ltd. v. LG Elecs. Inc.*, No. 6:21-CV-00168-ADA, 2022 WL 2307475, at *2 (W.D. Tex. June 27, 2022) (citing cases). "[T]he compensation and remedy due a civil plaintiff should not be delayed." *Id.* VirtaMove's patents continue to be infringed by Oracle every day. Due to limited

8

funding, VirtaMove has a real interest in timely enforcement of its patent rights. VirtaMove is a real, small company that makes real software (e.g., its V-Migrate software), not a patent troll.

A stay of 8 months for the Second Case to catch up will also cause prejudice by preventing Plaintiff from moving forward with its infringement claims and by risking the loss of evidence as witnesses become unavailable and memories fade. *Sonrai Memory Ltd. v. LG Elecs. Inc.*, No. 6:21-CV-00168-ADA, 2022 WL 2307475, at *2 (W.D. Tex. June 27, 2022) (ruling 10-month delay weighs against stay). For example, former VirtaMove CEO Chuck Colford has become unavailable, and similar developments may affect other witnesses. *VirtaMove Corp. v. Amazon.com Inc.*, No. 7:24-cv-00030-ADA-DTG, Dkt. 73-9 (W.D. Tex. Sept. 27, 2024).

### C. No Simplification of the Issues (No Judicial Resources Saved)

As discussed in Section III(D) above, a stay will not simplify the issues. At the end of the stay, there will still be different patents with different claims, and there will be no time or cost or issue reduction. This is unlike cases that have been stayed pending an imminent IPR final written decision that might invalidate an entire patent. As in *RTIC Drinkware*, "every claim asserted will have to be separately adjudicated for each product at issue," regardless of whether the cases here are consolidated.[4] *RTIC*, 2017 WL 5244173, at *3. Likewise, the question of validity will have to be separately adjudicated for the different asserted claims of the different patents.

### D. Stage of the First Case Weighs Against a Stay

A trial date has been set in the First Case. First Case, Dkt. 54 at 4. "[I]f protracted and expansive discovery has already occurred, or the court has expended significant resources, then courts have found that this factor weighs against a stay." *Sonrai*, 2022 WL 2307475, at *3. In

---

[4] If Oracle truly believes the patents and products overlap so much, then Oracle's Reply should stipulate that a jury finding of infringement of patent 7,519,814 results in automatic infringement of patent 7,774,762.

9

WDTX patent cases, the Court looks to see if the *Markman* date has passed. *Id.*; *Sonrai Memory Ltd. v. W. Digital Techs., Inc.*, No. 6:21-CV-01168-ADA, 2022 WL 3108818, at *3 (W.D. Tex. Aug. 4, 2022) (disfavoring stay where the motion to stay was filed two months after *Markman*).

Here, the *Markman* hearing has passed. First Case, Dkt. 63. Thus, factor weighs against the stay of the First case.

### E. Conclusion: Factors Weigh Against a Stay

All factors weigh against a stay. Even if the cases were consolidated for some reason, fact discovery should immediately open in the Second Case, to bring it up to speed to the first case.

## VI. CONCLUSION

Because these cases involve different patents, different inventions, and distinct infringement issues—and because consolidation would prejudice VirtaMove, confuse the jury, and delay proceedings—VirtaMove respectfully requests that the Court deny Oracle's Motion to Consolidate and Stay.

In the alternative, if the Court finds some limited coordination appropriate, VirtaMove requests that any consolidation be for pretrial purposes only (e.g., overlapping discovery or scheduling) and that each case proceed to separate claim construction and trial. And, if consolidation is warranted, then fact discovery should open up immediately in the Second Case so that it can catch up to the First Case, instead of staying the First Case.

Dated: October 30, 2025                                  Respectfully submitted,

                                                         /s/ Qi (Peter) Tong
                                                         Reza Mirzaie
                                                         CA State Bar No. 246953
                                                         Marc A. Fenster
                                                         CA State Bar No. 181067
                                                         Neil A. Rubin
                                                         CA State Bar No. 250761

Jacob R. Buczko
CA State Bar No. 269408
James S. Tsuei
CA State Bar No. 285530
James A. Milkey
CA State Bar No. 281283
Christian W. Conkle
CA State Bar No. 306374
Jonathan Ma
CA State Bar No. 312773
Daniel Kolko
CA State Bar No. 341680
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
Telephone: 310-826-7474
Email: rmirzaie@raklaw.com
Email: mfenster@raklaw.com
Email: nrubin@raklaw.com
Email: jbuczko@raklaw.com
Email: jtsuei@raklaw.com
Email: jmilkey@raklaw.com
Email: cconkle@raklaw.com
Email: jma@raklaw.com
Email: dkolko@raklaw.com

Qi (Peter) Tong
TX State Bar No. 24119042
8080 N. Central Expy, Suite 1503
Dallas, TX 75206
Email: ptong@raklaw.com

**ATTORNEYS FOR PLAINTIFF VIRTAMOVE, CORP.**

## **CERTIFICATE OF SERVICE**

      Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on October 30, 2025, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

      / Qi Tong /
      Qi Tong