IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP., *Plaintiff*, v. ORACLE CORP., *Defendant*. | Civil No. 1:25-cv-01601-ADA<br><br>**JURY TRIAL DEMANDED** |

**CLAIM CONSTRUCTION ORDER AND MEMORANDUM IN SUPPORT THEREOF**

Before the Court are the Parties' claim construction briefs: Defendant Oracle Corp.'s Opening and Reply briefs (ECF Nos. 41 and 53, respectively) and Plaintiff VirtaMove, Corp.'s Response and Sur-Reply briefs (ECF Nos. 49 and 56, respectively). The Court provided preliminary constructions for the disputed terms on October 3, 2025, before the hearing. The Court held the *Markman* hearing on October 6, 2025. ECF No. 66.

I. **DESCRIPTION OF THE ASSERTED PATENTS**

Plaintiff asserts U.S. Patent No. 7,519,814 (the "'814 Patent"). The '814 Patent is entitled "System for Containerization of Application Sets" and relates to management and deployment of server applications. *See* ECF Nos. 21 (Amended Compl.), 21-1.

II. **LEGAL STANDARD**

The general rule is that claim terms are generally given their plain-and-ordinary meaning. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (*en banc*); *Azure Networks, LLC v. CSR PLC*, 771 F.3d 1336, 1347 (Fed. Cir. 2014), *vacated on other grounds*, 575 U.S. 959, 959 (2015) ("There is a heavy presumption that claim terms carry their accustomed meaning in the

relevant community at the relevant time.") (internal quotation omitted).  The plain-and-ordinary meaning of a term is the "meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention."  *Phillips*, 415 F.3d at 1313.

The "only two exceptions to [the] general rule" that claim terms are construed according to their plain-and-ordinary meaning are when the patentee (1) acts as his/her own lexicographer or (2) disavows the full scope of the claim term either in the specification or during prosecution.  *Thorner v. Sony Computer Ent. Am. LLC*, 669 F.3d 1362, 1365 (Fed. Cir. 2012).  The Federal Circuit has counseled that "[t]he standards for finding lexicography and disavowal are exacting."  *Hill-Rom Servs., Inc. v. Stryker Corp.*, 755 F.3d 1367, 1371 (Fed. Cir. 2014).  To act as his/her own lexicographer, the patentee must "clearly set forth a definition of the disputed claim term" and "'clearly express an intent' to [define] the term."  *Thorner,* 669 F.3d at 1365.  "For a statement during prosecution to qualify as a disavowal of claim scope, it must be 'so clear as to show reasonable clarity and deliberateness,' and 'so unmistakable as to be unambiguous evidence of disclaimer.'"  *Genuine Enabling Tech. LLC v. Nintendo Co.*, 29 F.4th 1365, 1374 (Fed. Cir. 2022) (quoting *Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1325 (Fed. Cir. 2003)).

### III. DISCUSSION

#### A. Disputed Terms

| # | Term | Defendant's Proposed Construction | Plaintiff's Proposed Construction | Court's Construction |
|---|---|---|---|---|
| 1 | "container" (''814 patent, claims 1, 2, 6, 9, 10, 13) | "An aggregate of files required to successfully execute a set of software applications on a computing platform. A container is not a physical container but a grouping of associated files, which may be stored in a | No construction necessary; plain and ordinary meaning. In the alternative: An aggregate of files required to successfully execute a set of software applications on a | "An aggregate of files required to successfully execute a set of software applications on a computing platform. A container is not a physical container but a grouping of associated files, which |

| | | plurality of different locations that is to be accessible to, and for execution on, one or more servers. Each container for use on a server is mutually exclusive of the other containers, such that read/write files within a container cannot be shared with other containers. The term 'within a container', used within this specification, is to mean 'associated with a container'. A container comprises one or more application programs including one or more processes, and associated system files for use in executing the one or more processes; but containers do not comprise a kernel; each container has its own execution file associated therewith for starting one or more applications. In operation, each container utilizes a kernel resident on the server that is part of the operation system (OS) the container is running under to execute its applications." | computing platform. Each container for use on a server is mutually exclusive of the other containers, such that read/write files within a container cannot be shared with other containers. | may be stored in a plurality of different locations that is to be accessible to, and for execution on, one or more servers. Each container for use on a server is mutually exclusive of the other containers, such that read/write files within a container cannot be shared with other containers. The term 'within a container', used within this specification, is to mean 'associated with a container'. A container comprises one or more application programs including one or more processes, and associated system files for use in executing the one or more processes; but containers do not comprise a kernel; each container has its own execution file associated therewith for starting one or more applications. In operation, each container utilizes a kernel resident on the server that is part of the operation system (OS) the container is running under to execute its applications." |
| --- | --- | --- | --- | --- |
| 2 | "each of the containers has | "each container has a separate physical copy | Plain & ordinary meaning | Plain and ordinary meaning except that |

| | | | |
|---|---|---|---|
| a unique root file system that is different from an operating system's root file system"<br><br>('814 patent, claim 1) | of the files required by applications associated with the container" | | the meaning of "containers" is defined by the Court's construction of "container" and by the parties' agreed construction of "secure containers of application software." |

### 1. Construction for "container."

Defendant argues that the construction for "container" must contain the entire definitional section contained in the patent, because the applicant was his own lexicographer. See ECF No. 41 at 3, 5. Defendant Oracle's construction was taken from the patent specification in its entirety. Defendant argues that the '814 Patent includes an explicit definition section, beginning with "[t]he following definitions are used herein," which is followed by the identifier "Container:" and the term's definition. *Id.* at 6. Defendant argues that the patentee chose to act as its own lexicographer and its chosen definition is binding. *Id.* Defendant points to the specific language referring to "definitions" and the specification's format which sets apart the term "container" and a definition to show that it was clear and unambiguous lexicography. *Id.*; *see also* ECF No. 66, Oct. 6, 2025, Hearing Tr. 2:07—2:10.

Plaintiff argues that, although the '814 Patent specification describes a section as a "definition," the patentee in substance provided an encyclopedia entry. ECF No. 49 at 2. Plaintiff argues that the specification does not evidence an intent to deviate from plain meaning and including the entire section of language following the word "container" would confuse the jury. *Id.* Plaintiff argues it will confuse the jury by "substituting a single word in a claim with nearly 100 words of redundant examples of how containers may be implemented." *Id.*

Plaintiff advocates for no construction or plain and ordinary meaning, but alternatively offer the construction which only contains the first sentence from the specification that follows "container." Plaintiff argues that the only clear lexicography would apply to the first sentence. *See* ECF No. 66, Oct. 6, 2025, Hearing Tr. 2:17. Plaintiff argues that the entire language following "container" is not all actually limiting definitional language: the first sentence is the definition, the second sentence goes on to clarify what the container ***is not***. *See id.* 2:21. (emphasis added). Then, Plaintiff argues, the remainder of the paragraph has contextual discussion about how containers may be used. *Id.* 2:24.

The Court agrees with Defendant that the specification provided an explicit definition for "container," and that the entire definition should be included in the Court's construction. The specification's section which begins with "[t]he following definitions are used herein," which is clear and unambiguous language showing that the section contained definitions. '814 Patent, 2:16. If the specification were written to include encyclopedic descriptions of "container," they could have been placed separately from the section denoting "definitions." The Court agrees that the patentee was his own lexicographer, and that the entire definition should apply as the Court's construction.

Separately, the undersigned at the *Markman* hearing addressed the issue of whether the full construction would have practical issues of being confusing to the jury. The undersigned asked for Defendant to respond to the jury confusion issue, noting that when a word like "container" is given a definition as lengthy as the entire definition given in the spec, there might be confusion. *See* ECF No. 66, Oct. 6, 2025, Hearing Tr. 2:29.

Defendant argues that if the jury is given only a portion, then the jury will be given incomplete information and will have "holes" in their understanding of what a container is. *Id.*

2:30. Defendant argues that all of the terms should be included because they are explanatory and flesh out the full meaning of the term "container." For example, the jury will need to be aware that the container is not a physical container—to distinguish "container" in the patent from a physical container, like a Tupperware container, that the jury might be familiar with. *Id.*

The Court agrees with Defendant that the entire definitional section for "container" found in the specification should be adopted. While there may be some practical issues presented with the lengthy definition, the Court agrees that the entire definition provides context and cannot be ignored. Therefore, the Court adopts Defendant's proposed construction, as shown in the chart above.

**2. Construction for the "unique root file system" term.**

At the *Markman* hearing, the Court recognized that its construction of "container" would create a potential problem for construing this term, which included the same "container" term. Because the second disputed term would possibly be affected by the Court's chosen construction of the word "container," the undersigned found the second term should have further attention from the parties. The undersigned directed the parties to address how they would like to handle this issue.

Parties conferred and informed the Court on October 30, 2025, that together they proposed the construction shown above without waiving any arguments. As the parties eventually proposed the new construction to the Court per the undersigned's request, the Court will adopt it.

**B. Agreed Terms**

Further, the parties have reached agreement on the construction of certain claim terms listed in their Joint Claim Construction Statement. ECF No. 59. The Court adopts the parties' agreed constructions for these claim terms.

**SIGNED** on November 20, 2025.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE